## Commonwealth v. One Ford One-Ton Truck.

*Prohibition enforcement—Distinction between rights of owner and bailor under bailment lease—Act of March 27, 1923.*

The distinction in sections 11 (B) (iii) and 11 (D) (vi) of the Prohibition Enforcement Act of March 27, 1923, P. L. 34, between absolute owners and bailors under a bailment lease or contract, whereby the owner by proper proceedings can recover his vehicle if seized while engaged in the transportation of intoxicating liquor without his consent, and the bailor can recover only the amount of his unpaid instalments out of the proceeds of the sale in condemnation proceedings, is reasonable and not in conflict with any constitutional provision.

Petition to condemn. Q. S. Phila. Co., Aug. Sess., 1924, No. 381.

*Charles Edwin Fox*, Assistant District Attorney, for petition.

*Louis Wagner*, for claimant.

FERGUSON, J., Nov. 7, 1924.—This case is typical of a number of cases now pending before the court. An automobile finance company, under a bailment lease, had transferred the possession of a truck to its bailee, and while in the possession of the latter the truck was seized for illegal transportation of liquor. Upon proceedings for condemnation the bailor raised no question as to the illegal transportation, but declared it did not consent to the illegal use. No issue of fact was raised, but certain questions of law were argued. Only one of these questions requires consideration at our hands, and that relates to the distinction made by the Act of 1923 between owners under bailment leases or contracts and other owners. This distinction, it is contended, renders the provision with reference to bailors under bailment leases unconstitutional.

Under the act, an owner who parts with possession by means of a bailment lease or contract is relegated to the fund realized after condemnation, while another owner, under certain circumstances, may have the vehicle returned to him, even though actual condemnation may have been decreed, if application be made before a sale is actually had.

We regard the distinction as not unreasonable in a statute exercising the police power of the Commonwealth. It provides for the condemnation of vehicles unlawfully used. It conceives it possible that a vehicle may be used without the owner's consent, or it may be temporarily placed in the custody of one to be used for a particular purpose that is lawful. In either case, if the vehicle is used to transport liquor unlawfully, the owner ought not to suffer a forfeiture of his property. The vehicle belongs to him; he is entitled to its immediate possession; he neither knew nor consented to the unlawful act.

In the case of one who parts with the possession of his vehicle by means of a bailment lease, the right to possession is gone. The bailee, notwithstanding rigorous stipulations in the contract, is practically vested with all the attributes of ownership. The vehicle, at the caprice of the bailee, is easily moved from place to place. His contract may, and usually does, provide for a long term, during which he is at liberty to use that vehicle as his own. A few hours in time may be all that is necessary to cause it to pass beyond the borders of the Commonwealth. It may be used regularly and continuously in illegal enterprises. It is futile to argue that the bailee, armed with a document by means of which he could defeat any demand for possession on the part of the bailor, could engage in unlawful practices and at the same time the bailor should be protected because the legal title had not passed.

It is unnecessary to discuss the fact that most of the contracts of the sort under discussion are, in point of fact, sales upon instalments, and that the full payment of the instalments as rent leaves the bailee forever free of demands for a return of the vehicle. We see in the statute no intention to affect the law of bailments. We see in it only an effort to prevent the use of vehicles unlawfully.

The whole question, therefore, depends in large measure upon the character of the possession of the one who violates the law. The legislature has seen fit to make a distinction between different forms of possession with respect to the remedy to an innocent owner. One may not have the vehicle, but may have the balance due him on his contract. The other may have the vehicle itself. As above stated, the distinction is not an unreasonable one, and there is nothing in it which violates rights under the Constitution.

The vehicle in this case must be condemned as provided by law.